USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
:
HIPOLITO MORALES,                                             :
:
                                    Plaintiff,     :    1:23-cv-10935-GHW
:
              -against-                                          :    <u>ORDER</u>
:
94 CORNER CAFE CORP., *and* MOHINDER       :
SINGH,                                                           :
:
                                Defendants.   :
:
------------------------------------------------------------------------X

GREGORY H. WOODS, District Judge:

      The Court held a conference on May 9, 2024 at 4:00 p.m. at Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York, 10007. This conference was scheduled, as an in-person proceeding, on April 24, 2024. Dkt. No. 9. In that order, the Court stated: "If Defendants have not retained counsel by that date, Mr. Singh himself must appear at the May 9, 2024 conference in person to litigate the case pro se. If he does not attend the conference, that could result in the Court finding him to be in default and the Court entering judgment against him." *Id.* at 1. On May 7, 2024, Plaintiff's counsel wrote to the Court stating that he has been "unable to contact Defendant Mohinder Singh," and Plaintiff's counsel requested "that the Court order Mr. Singh to provide to the Court a personal phone number and email address." Dkt. No. 13 at 1. In denying that request without prejudice, the Court again reiterated that the conference remained scheduled for May 9, 2024 in Courtroom 12C. *See* Dkt. No. 14.

      The Court, the Court's staff, and Plaintiff's counsel appeared at the May 9, 2024 conference. But Defendants did not, nor did any representatives for Defendants.

"'[A]ll litigants . . . have an obligation to comply with court orders,' and failure to comply may result in sanctions." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)). Pursuant to Federal Rule of Civil Procedure 16 a court may, on motion or on its own, "issue any just orders" if a party "fails to appear at a schedule or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(A), (C); *see also Trustees of the Paper Prod., Miscellaneous Chauffers, Warehousemen & Helpers Union Local 27 Welfare Tr. Fund & Pension Fund v. J & J Int'l Logistics, Corp.*, No. 12-cv-1475-ILG-WMS, 2013 WL 5532710, at *2 (E.D.N.Y. Oct. 4, 2013) ("A court may impose a range of sanctions on a party which fails to appear at conferences or to comply with scheduling and other pretrial orders including, among other things, striking pleadings and rendering a default judgment."). "Among the factors to be considered when imposing sanctions are: (1) the party's history of noncompliance; (2) the effectiveness of lesser sanctions; (3) whether a warning had been issued regarding imposition of sanctions; and (4) whether imposing lesser sanctions would prejudice the moving party." *Trustees of the Paper Prod.*, 2013 WL 5532710, at *2.

Given that Defendants failed to appear at the May 9, 2024 conference, the Court orders that the parties attend a conference on **May 28, 2024 at 1:00 p.m.** It will take place in person at Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York, 10007. If counsel for Defendants has not entered a notice of appearance by May 28, 2024, Mr. Singh himself **must** appear at the May 28, 2024 conference in person to litigate the case pro se. Failure to comply with court orders, including failures to attend court-ordered conferences, can result in the imposition of sanctions. **If Mr. Singh does not attend the May 28, 2024 conference, that could result in the Court finding him to be in default and the Court entering judgment against him.**

In addition, the corporate party 94 Corner Café Corp cannot proceed in this action pro se. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better

2

part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Pridgen v. Anresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[I]t is well established that a layperson may not represent a corporation.").

If counsel for 94 Corner Café Corp. has not entered a notice of appearance by May 28, 2024, the Court will find that 94 Corner Café Corp is in default.

The Clerk of Court is directed to mail a copy of this order to Defendant Mohinder Singh at 2518 Broadway, New York, NY 10018.

SO ORDERED.

Dated: May 9, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3